UNITED STATES, Appellee

v

DANIEL L. PEEBLES, Private First Class,
U. S. Army, Appellant

21 USCMA 466, 45 CMR 240

No. 25,396

June 23, 1972

*Lieutenant Colonel Arnold I. Melnick* and *Captain Barry K. Duwe* were on the pleadings for Appellant, Accused.
*Lieutenant Colonel Ronald M. Holdaway* and *Captain Merle F. Wilberding* were on the pleadings for Appellee, United States.

Opinion of the Court

DARDEN, Chief Judge:

Convicted of unpremeditated murder and larceny, in violation of the Uniform Code of Military Justice, Articles 118 and 121, 10 USC §§ 918 and 921, the accused is before us by petition on the single issue of the voluntariness of a pretrial statement received in evidence against him.

466

The evidence indicates that the accused and several other soldiers were taken into custody at their unit on suspicion of the offenses charged and others of which the accused was ultimately found not guilty. The group was transported to the Criminal Investigation Detachment office. There the accused was properly advised of his rights and questioned by Investigator Marriott.

Marriott was unable to secure any statement from the accused beyond a denial of implication in the incidents charged. He called upon Investigator Miles for assistance. Miles not only had participated in the original apprehension of the accused but, in addition, had taken part in the interrogation of an accomplice, who had named Peebles as an active participant in the murder. According to Miles, however, he became "confused" and did not regard accused as a suspect in the homicide.

At the beginning of his part of the interview, Miles advised accused that he was not implicated in the murder and "used the interrogation technique that we call the accessory after the fact." He informed the accused that if he had knowledge of the incident, was not involved himself, and withheld information, he could be charged as an accessory after the fact. Miles then produced the Manual for Courts-Martial and went over the accessory offense with accused. According to Miles, "Just to emphasize the fact I said, if you are charged with an accessory after the fact and prosecuted for it you could get up to 300 years."

Later the accused made a partial statement implicating himself in other offenses tangential to the murder charged. Investigator Miles turned him over to Investigator Marriott and left the room.

A few minutes later, Miles realized that the accused was the person who had been named by the accomplice as an active perpetrator of the offense. He informed the Chief Investigator, Mr. Leach, of this, and Leach advised the accused that they were aware he had been directly involved in the killing, spoke to him in stern tones, and asked him for a further statement. At this time, accused confessed his guilt.

Under the provisions of Article 31, Uniform Code of Military Justice, 10 USC § 831, a suspect's right to remain silent does not depend upon whether he is innocent or guilty; it depends upon whether he is a suspect. United States v Hundley, 21 USCMA 320, 45 CMR 94 (1972). As we said in that case, at page 323, "If a suspect is warned that he can remain silent only if he was in fact involved in the offense of which he is suspected, that advice is improper as a part of an Article 31 warning." See also United States v Williams, 2 USCMA 430, 9 CMR 60 (1953), and United States v Elliott, 15 USCMA 181, 35 CMR 153 (1964).

Although he was advised of his full rights, the accused was later told that his right to silence depended upon his involvement in the events charged; that if he was not involved, he must speak or suffer the possibility of being charged with other offenses; and that this could result in a maximum penalty of 300 years' confinement. It was only after use of this "investigative technique" that the accused began to speak, and he was not later advised either that Investigator Miles's statements were incorrect or that he had a full and unencumbered right to remain silent. In short, Miles's representations served to invalidate the prior advice to the accused under Article 31 and rendered his statement inadmissible in evidence. The ruling to the contrary of the military judge was prejudicial error. United States v Hundley, supra.

The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judges QUINN and DUNCAN concur.