**UNITED STATES, Appellee,**

v.

**Anthony R. DIANGELO, Private First Class, U.S. Army, Appellant.**

No. 62,791.
CM 8800813.

U.S. Court of Military Appeals.

Argued June 14, 1990.

Decided Sept. 25, 1990.

For Appellant: *Louis P. Font, esq.* (argued); *Captain Ralph L. Gonzalez.*

for Appellee: *Captain Mark E. Frye* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Martin D. Carpenter* (on brief).

### Opinion of the Court

COX, Judge:

In this case, appellant contends that his conviction by a general court-martial of numerous drug charges is barred by the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, and Article 44, Uniform Code of Military Justice, 10 USC § 844.[1]

We disagree and uphold the decision of the Court of Military Review.

Appellant's conviction was obtained at a second trial; the first attempt to prosecute him ended in a mistrial granted pursuant to a *defense* motion.[2]

---

1. Appellant was convicted of one wrongful use and three separate distributions of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was acquitted of one specification alleging wrongful use, and the military judge dismissed two others as well as one specification alleging wrongful distribution of marijuana. Appellant was acquitted of one specification alleging obstruction of justice under Article 134, UCMJ, 10 USC § 934. He was sentenced to confinement for 5 years; total forfeitures; reduction to paygrade E-1; and a dishonorable discharge. The convening authority approved the sentence. The Court of Military Review affirmed in a short-form opinion.

This Court granted review of the following issue:

WHETHER APPELLANT'S SECOND TRIAL WAS BARRED BY THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT.

2. Appellant's case was referred to two general courts-martial. The first was held on April 11 and 12, and the second on May 16 and 17, 1988. Both proceedings were convened by the Commanding General, 101st Airborne Division (Air

The issue before us resulted from the following scenario: At the first proceeding, appellant testified in his own defense, denying culpability for the charged offenses. On cross-examination, trial counsel attempted to impeach him by demonstrating that he willfully had been untruthful when he filled out his enlistment contract, concealing in the process a history of juvenile arrests. Specifically, the exchange between counsel and the accused was as follows:

Q. ... And that says that everything in that document is true, correct and complete to the best of your knowledge and belief; correct?

A. Yes, sir.

Q. That's kind of like an oath; right? In fact, it is an oath; correct?

A. Yes, sir.

\* \* \* \* \* \*

Q. And you agree, as you did, that there's a lot more at stake today than there was back when you filled out that document; correct?

A. Yes, sir.

Q. You'd agree that if you were inclined to lie at all, you've got more reason to do it today, don't you?

A. I'm telling the truth, sir.

\* \* \* \* \* \*

Q. And you certified under oath that [the information in his enlistment contract] was complete, that was it; correct?

A. Yes, sir.

Q. And that's a lie, isn't it?

A. No, it isn't, sir.

Q. It's not a lie? *When the question said if you had ever been arrested or charged or adjudged a juvenile offender? You didn't give them all the information, did you?*

A. At the request of my recruiter, no, sir.

Q. Request of your recruiter.

A. Yes, sir. I asked my recruiter about that.

\* \* \* \* \* \*

A. And he went down and checked it all out and it was sealed.

Q. So you concealed ...

A. No; it was sealed. All—since it was a juvenile, it was sealed, so why reveal it? 'Cause I was going to reveal it.

Q. But where it says "juvenile adjudications, whether expunged, whether removed from your records," doesn't it?

A. Where does it say that? [Witness peruses document.] Yes, sir.

Q.... *So you didn't reveal that you'd been arrested for growing marijuana up in Canandaigua, New York.*

\* \* \* \* \* \*

A. That's a lie, sir; I've never been to Canandaigua in my life.

Appellant's counsel moved for a mistrial, and over strenuous government objection, it was granted.

When an accused in a criminal trial successfully moves for a mistrial, he "may invoke the bar of double jeopardy" against a second trial only where

the conduct giving rise to the successful motion for a mistrial was *intended* to provoke the defendant into moving for a mistrial.

*Oregon v. Kennedy,* 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416 (1982) (emphasis added). "A declaration of a mistrial

---

Assault) and Fort Campbell, Kentucky. At both courts, the same military judge presided, and counsel for the defense and prosecution were unchanged. Although the members differed at each, the panels were made up of both officer and enlisted military personnel.

The first proceeding ended when the military judge granted a defense motion for mistrial based on trial counsel's cross-examination of appellant. At the second court-martial, defense counsel moved for dismissal, arguing that the mention of appellant's prior arrests had been "overreaching by the prosecution" and contending that the Government's ulterior motive was to obtain a mistrial in order to gather evidence to be used at the later hearing. Trial counsel asserted that there had been no prosecutorial misconduct and that his attempt to impeach appellant was proper. The military judge stated that, as far as he could recall, no prosecutorial misconduct occurred at the first hearing.

shall not prevent" a subsequent "trial by ... court-martial on the affected charges and specifications except when," *inter alia*, the ruling is *"[t]he direct result of intentional prosecutorial misconduct designed to necessitate a mistrial."* RCM 915(c)(2)(B), Manual for Courts–Martial, United States, 1984 (emphasis added). Mere overreaching by a prosecutor is not enough; the record must show that the prosecutor or judge sought "to 'goad' the defendant into moving for a mistrial." *Id.* at 676, 102 S.Ct. at 2090..

▪ Appellant now complains that, in his case, the mistrial was "provoked" by government misconduct. Specifically, he asserts that there was "over-reaching by the prosecution" in that trial counsel in response to defense discovery requests did not reveal the Government's awareness of appellant's juvenile arrest record.

The *sua sponte* disclosure of information by the Government is not constitutionally mandated unless

> the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

*Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). *See also United States v. Bagley*, 473 U.S. 667, 669, 105 S.Ct. 3375, 3377, 87 L.Ed.2d 481 (1985). Whether in military practice "arrest records" should be routinely provided by trial counsel pursuant to defense

requests need not be decided here. RCM 701(a)(4). It is sufficient for us to conclude, as did the military judge in his findings of fact, and, implicitly, the Court of Military Review, that trial counsel's conduct, whether proper or not, was not *designed* or *intended* to provoke a mistrial. *Oregon v. Kennedy, supra.*

Also, with one exception, there were no findings prior to the declaration of the mistrial. That one finding was made by the military judge pursuant to appellant's guilty pleas, and it was carried over to the second proceeding for sentencing.

We conclude, therefore, that appellant's trial by court-martial was not barred by the Double Jeopardy Clause of the Fifth Amendment or by Article 44.[3]

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring):

The military judge at the first trial made no *finding of fact* that trial counsel intended "to 'goad' the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2090, 72 L.Ed.2d 416 (1982). At the second court-martial, the same judge impliedly held that there was no intentional prosecutorial misconduct in the first trial. This finding of fact is justified by the record and has not been shown to be otherwise legally erroneous. Therefore, I join my Brothers in affirming the decision below.

---

**3.** According to Colonel Winthrop:
"[A]t military law, neither a mere arraignment, nor an arrest followed by a discharge without trial, nor a service of charges withdrawn or dropped without prosecution, nor a withdrawal of the charges after arraignment or pending the trial, nor a discontinuance of the proceedings, by the order of the convening authority, for any cause before a finding, nor a permanent interruption of the same by reason of war or other exigency, *nor a failure of the court to agree upon a finding, followed by a dissolution*—will amount to an acquittal or a 'trial' of the accused."
*United States v. Stringer*, 5 USCMA 122, 141, 17 CMR 122, 141 (1954) (Latimer, J., concurring in the result), quoting W. Winthrop, *Military Law and Precedents* 263 (2d ed. 1920 Reprint) (emphasis added; footnotes omitted).