**UNITED STATES, Appellee**

v.

**Joyce R. COLLINS, Sergeant,
U.S. Air Force, Appellant.**

No. 68,381.
CMR No. 29663.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 15, 1994.

Decided March 22, 1995.

For Appellant: *Captain Robert E. Watson* (argued); *Colonel Jay L. Cohen* (on brief).

For Appellee: *Captain Jane M.E. Peterson* (argued); *Colonel Jeffery T. Infelise* (on brief).

Opinion of the Court

CRAWFORD, Judge:

1. Pursuant to her pleas, appellant was convicted of presenting false claims (2 specifications), in violation of Article 132, Uniform Code of Military Justice, 10 USC § 932. She was sentenced to a bad-conduct discharge, 8 months' confinement, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the term of confinement to 60 days but otherwise approved the sentence. The Court of Military Review * affirmed the findings and sentence after our remand. *See* 37 MJ 81 (1992). We then granted review on the following issues:

I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED WHEN:

A

THEY [SIC] MISCONSTRUED THE DECISION OF THE UNITED STATES SUPREME COURT IN *UNITED STATES V. BROCE,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) IN FINDING THAT APPELLANT WAIVED THE ISSUE OF DOUBLE JEOPARDY, and

B

WHETHER THEY [SIC] INCORRECTLY FOUND, EVEN IF WAIVER DID NOT APPLY, THAT THE PROSECUTORIAL MISCONDUCT WAS DESIGNED MERELY TO PERFECT THE GOVERNMENT'S CASE RATHER THAN TO PROVOKE A MISTRIAL.

II

WHETHER APPELLANT'S PLEAS WERE IMPROVIDENT WHEN THE MILITARY JUDGE FAILED TO ADDRESS THE ISSUE OF DOUBLE

* *See* 41 MJ 213, 229 n. * (1994).

JEOPARDY AND OBTAIN A KNOWING WAIVER OF THIS IMPORTANT CONSTITUTIONAL RIGHT PRIOR TO ACCEPTING HER PLEAS OF GUILTY.

2. We hold that the Court of Military Review did not misconstrue the *Broce* decision and that there was a legitimate waiver by a failure to raise the double-jeopardy provisions as set forth in the Constitution, Uniform Code, and the Manual for Courts–Martial.

## FACTS

3. On August 13, 1991, appellant's case was originally referred to trial for violations of Articles 80, 107, 121, and 132, UCMJ, 10 USC §§ 880, 907, 921, and 932, respectively. These charges grew out of a do-it-yourself move by appellant from Nellis Air Force Base, Nevada, to Columbia, South Carolina. During the pretrial stages, it became known that the base military justice officer, Captain M, was engaged in an additional investigation of certain potential defense witnesses and several witnesses, albeit unwilling, for the Government. When the court opened on August 23, 1991, the defense moved for a mistrial or a "lengthy continuance" to investigate the additional evidence. The thrust of the motion was that the Government was not complying fairly with appellant's request for discovery and was intimidating witnesses. After a hearing into Captain M's conduct, a mistrial was granted over the prosecution's objection. The judge made no specific findings of prosecutorial misconduct, but he found "that an atmosphere exists and that circumstances have arisen during the course of this proceeding which I find do cast substantial doubt upon the fairness of the proceedings as they have been conducted to this point."

4. As the Court below found: "The ill-advised trial preparation [by the prosecution] was fully explored and we are convinced the intent of the activity was to perfect the government's case, rather than provoke a mistrial." Unpub. op. at 2. We will not disturb such findings unless they are clearly erroneous. *Cf. United States v. Burris*, 21 MJ 140, 144 ¶ 8 (CMA 1985).

5. A new general court-martial was convened on October 8, 1991. At that time appellant entered unconditional pleas to the charge and the two specifications of presenting false claims. There was neither a discussion of the earlier proceeding nor a motion to dismiss the charge and specifications because of double jeopardy.

## DISCUSSION

6. The Constitution, the Code, and the Manual for Courts–Martial offer protection against being tried twice for the same offense. The Fifth Amendment to the United States Constitution provides, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Article 44(a) of the Code, 10 USC § 844(a), provides: "No person may, without his consent, be tried a second time for the same offense." RCM 907(b)(2)(C), Manual for Courts–Martial, United States, 1984, provides: "A charge or specification shall be dismissed upon motion made by the accused before the final adjournment of the court-martial in that case if ... [t]he accused has previously been tried by court-martial ... for the same offense...." However, these rights may be waived, since RCM 907(b)(2) is designated as "Waivable grounds."

7. The Court of Military Review held that the double-jeopardy issue was waived by appellant's guilty pleas. The Court cited *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), and RCM 907(b)(2)(C) as controlling. The defense would distinguish the Manual provision and *Broce* and argue, pursuant to *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), that they were goaded into a mistrial.

8. In *Oregon v. Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2089–90 ¶ 17, the Court held: "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." As this Court stated in *United States v. DiAngelo*, 31 MJ 135, 137 ¶ 6 (CMA 1990): "Mere over-

reaching by a prosecutor is not enough; the record must show that the prosecutor or judge sought 'to "goad" the defendant into moving for a mistrial.' " Quoting *Oregon v. Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2089. The defense would also rely on *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), where the Court held that the defendant's previously asserted claim that his indictment should be dismissed on double-jeopardy grounds was not waived by a plea of guilty. The Court in *Broce* held that the guilty plea resulted in a "forfeiture" as distinguished from knowing waiver. 488 U.S. at 573, 109 S.Ct. at 764 ¶ ¶ 19 and 18. The *Broce* Court distinguished *Menna* by indicating that *Menna* could be resolved on the "existing record" because of a motion to dismiss prior to the guilty plea and, thus, came under an exception to the general rule of forfeiture. *Id.* at 575, 109 S.Ct. at 765–66 ¶ ¶ 23 and 24. Unlike the situation in *Menna*, here appellant made no such motion to dismiss prior to her guilty plea.

9. As we stated in *United States v. Causey*, 37 MJ 308, 311 ¶ 12 (CMA 1993):

> The waiver rule places responsibility upon defense counsel to object.... This rule is designed ... to prevent defense counsel from remaining silent, making no objection, and then raising the issue on appeal for the first time, long after any possibility of curing the problem has vanished. It is important "to encourage all trial participants to seek a fair and accurate trial the first time around."

10. In *United States v. Jones*, 37 MJ 321, 323 ¶ 15 (CMA 1993), we asserted:

> The rationale behind [waiver-] forfeiture is judicial economy. If an individual is permitted not to object and then can raise the issue on appeal, both the parties and the public are put to the expense of retrial. It is important for the objection to be made at the trial level so it can be resolved there to avoid the expense of an appeal....

11. Like *Broce*, the double-jeopardy claim here cannot be resolved on the "existing record" because no motion was made prior to

the plea. The military judge at the first trial made no finding of fact that the prosecution was trying to goad the defense into a mistrial, and the judge at the second court-martial did not hold any hearing or make any findings as to the reason for the mistrial. In fact, the record reveals that at the first trial the prosecution objected to a mistrial and a lengthy delay. To this date, the defense has offered no evidence that this resistance was a sham. Thus, we hold that the Court of Military Review did not misconstrue the *Broce* decision, so appellant's pleas of guilty were provident.

The decision of the United States Air Force Court of Military Review on further review is affirmed.

Chief Judge SULLIVAN and Judges GIERKE and WISS concur.

COX, Judge (concurring in part):

12. In this case I part company, narrowly, on the question of waiver. *See United States v. Huffman*, 40 MJ 225 (CMA 1994). In my mind, waiver is the "intentional or voluntary relinquishment of a known right." *See Black's Law Dictionary* 1580 (6th ed. 1990). Therefore, before I tax a servicemember with the mantle of waiver of a constitutional or statutory right, I want to be certain that the member knows that he or she enjoys that right. *See United States v. Johnson*, 21 MJ 211, 216–17 ¶ 25 (CMA 1986) (Cox, J., concurring in the result), where I stated:

> One important reason to insist that military judges build a complete record is to insure that our military justice system continues to operate with the highest standards and is a model of justice in the field of criminal law. It is far more difficult for an accused to complain of unfair or unjust treatment when the record of trial clearly indicates that he understood ·each and every allegation against him; that he understood each and every right he had at each stage; that he knowingly and consciously waived any of those rights; and that, when appropriate, he acknowledged his own belief in his guilt. Without a complete rec-

ord to perpetuate these matters, the military justice system is vulnerable to the allegation that it is a system of "drumhead justice."

13. I acknowledge that the Supreme Court of the United States may not require intentional waiver to satisfy constitutional norms of due process to the same degree that I believe that perhaps military due process should. After all, that is why we have lawyers in the courtroom, isn't it? Lawyers advise clients of their rights. That is certainly true. Nevertheless, in my judgment the benefits from obtaining waivers on the record of trial far outweigh the minor inconvenience to judges and trial attorneys which comes from doing it right. Therefore, I believe that we should require waiver of constitutional and statutory rights to be an affirmative, knowing waiver.

14. That same rationale does not apply to trial tactics and errors. According to Mil. R.Evid. 103(a), Manual for Courts-Martial, United States, 1984: "Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party." *See also* Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a) ("A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."); *United States v. Fisher*, 21 MJ 327 (CMA 1986).

15. Judge Crawford made a good argument for the validity of these "raise or waive" rules in her separate opinion in *United States v. Huffman, supra* at 229 ¶ 15. I do not disagree with her views to the extent we are talking about events which transpire in the course of the litigation, whether before, during, or after trial.

16. It would be folly to try to list all the various types of issues and objections which arise during litigation, including pretrial and post-trial litigation, which are subject to the "raise or waive" rules. *See* RCM 907, Manual, *supra.* Suffice it to say here, if an accused wants to waive a statutory or constitutional right, we should be able to see from

the record of trial that the accused knowingly gave up that right.

17. Nevertheless, even with this principle in mind, I approach a case such as this one (and *Huffman*) with a different perspective from that of the then-Air Force Court of Military Review and my colleague, Judge Crawford. First, I ask, "What is the error being alleged?" Second, "Is it error?" Third, "Was the error waived by failure of counsel to object or otherwise raise it at trial?" *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *United States v. Fisher, supra,* and other harmless-error cases. I recognize that I may be arguing semantics, but it seems to me that this approach is mandated by Article 59(a) and Mil.R.Evid. 103. How else can an appellate judge determine if the error materially prejudiced an accused if the judge never considers the error?

18. The error alleged here is that appellant's court-martial was barred by the Double Jeopardy Clause of Amendment V of the Constitution or by Article 44(a), UCMJ, 10 USC § 844(a). The Court of Military Review disposed of the case "on waiver grounds," unpub. op. at 2, *citing United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), and RCM 907(b)(2)(c). Like the majority here, however, they continued with the following utterance:

Although we dispose of this case on waiver grounds, it is clear we would find no basis for relief here if the double jeopardy objection had been made by appellant at the second trial [relying on *Oregon v. Kennedy*, 456 U.S. 667, 675-76, 102 S.Ct. 2083, 2089-90, 72 L.Ed.2d 416 (1982)].

Unpub. op. at 2.

19. I would approach this case from the opposite direction and hold that the accused was not tried twice for the same offense. *Oregon v. Kennedy*, 456 U.S. at 675–76, 102 S.Ct. at 2089–90 ¶ 17; *United States v. DiAngelo*, 31 MJ 135 (CMA 1990). Appellant has not met her burden to show that the prosecutor goaded her into her mistrial motion.

20. Because there was no error, there is *nothing* to waive. Because there is *no error,*

we do not have to test the error for harmlessness. Because there is no error, we do not have to consider whether the accused had effective assistance of counsel at her court-martial rather than consider whether a competent attorney would have raised the double-jeopardy question. Lastly, because there is no error, we do not have to consider whether *United States v. Broce, supra,* applies to a military accused under Article 44 or whether Article 45, UCMJ, 10 USC § 845,

requires us to provide the military member an expended right that must be protected under due process considerations. *See Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), and *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2089, 40 L.Ed.2d 628 (1974).

Except for these observations, I concur. There was no double-jeopardy violation in appellant's case.