# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KERN, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**

**Private E1 ANTHONY J. CRUSE**
**United States Army, Appellant**

ARMY 20100526

Headquarters, U.S. Army Combined Arms Center and Fort Leavenworth
Susan K. Arnold, Military Judge
Colonel Samuel J. Rob, Staff Judge Advocate (pretrial)
Lieutenant Colonel Roseanne M. Bennett, Acting Staff Judge Advocate (SJAR)
Colonel Fred P. Taylor, Staff Judge Advocate (addendum)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura A. Kesler, JA; Captain Jennifer A. Parker, JA (on brief).

For Appellee: Lieutenant Colonel Paul J. Cucuzzella, JA; Major LaJohnne A. White, JA; Major Amber J. Williams, JA (on brief).

27 October 2011

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

BURTON, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his plea, of assault upon a sentinel in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [hereinafter UCMJ]. An enlisted panel sentenced appellant to a bad-conduct discharge, confinement for twelve months, forfeiture of two-thirds pay per month for twelve months and reduction to the grade of E1. The convening authority approved the adjudged sentence with exception of the forfeitures.

In this case, appellant, while confined as an inmate at the U.S. Disciplinary Barracks at Fort Leavenworth, struck Staff Sergeant C.H. in the head with his fist following a brief altercation. Staff Sergeant C.H. was carrying out his responsibilities for physical security at the prison at the time he was assaulted. In pleading guilty, appellant offered no excuse or justification for his conduct.

On appeal, the sole assignment of error is that:

THE MILITARY JUDGE ERRED BY FAILING TO HOLD PANEL
DELIBERATION DURING SENTENCING, RESULTING IN A
STRUCTURAL DEFECT OF APPELLANT'S COURT-MARTIAL.

The record of trial reveals that, after thoroughly and correctly instructing the panel regarding sentencing procedures, the military judge asked the president if the panel would like to take a 10-minute recess before deliberating. The president indicated affirmatively that the panel would like a recess. The record indicates what then transpired:

MJ: The court will be in recess for 10 minutes.

[The Court recessed at 1338 hours, 18 June 2010.]

[The Court reconvened at 1350 hours, 18 June 2010.]

MJ: Court is called to order. All parties are present to include the court members. Ma'am, have you reached a sentence [?]

PRES: Yes, ma'am.

No objection of any kind was raised at the time, and the panel then announced the sentence.

Appellant now contends that instead of properly closing the court for deliberations, the military judge mistakenly allowed the panel to take a recess prior to their deliberations, to determine a sentence during that recess, and then to announce a sentence even though deliberations never officially occurred. Appellant further contends that it is unknown who participated in the discussions, if all panel members participated, where the discussions were conducted, who was present, and whether exhibits were or were not given to the members. Appellant finally contends that all of this amounts to a structural error which necessitates setting aside the sentence even in the absence of demonstrable prejudice.

Our analysis of the assignment of error in this case is controlled by our superior court's decision in *United States v. Jones*, 37 M.J. 321 (C.M.A. 1993). In *Jones*, the panel members asked for permission to recess before deliberating. The military judge told them they could recess and then commence deliberations at a specific time, without first reconvening. The panel acted accordingly and then announced the sentence. The issue in the *Jones* case was:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL

PREJUDICE OF APPELLANT BY INSTRUCTING THE PANEL THAT THEY HAD THE OPTION TO BEGIN DELIBERATIONS ON SENTENCE AT A SPECIFIC TIME WITHOUT RECONVENING REGARDLESS OF WHETHER THEY ALL HAD REASSEMBLED.

*Id.* at 321-322.

In *Jones*, our superior court assumed that the military judge had committed error, saying "the military judge left reassembling totally up to the members and failed to provide for a routine administrative 'head check' on the record as provided by RCM 813(b)." *Id.* But the court concluded that the error had not "substantially prejudiced" the rights of the accused. The court reasoned:

> Assuming, *arguendo*, that the military judge erred, that error did not amount to a plain error that substantially prejudiced appellant. *See United States v. Fisher*, 21 M.J. 327 (C.M.A. 1986). What happened in this case, although not a wise practice, does not undermine the structural set up for military criminal trials, such as the total deprivation of the right to counsel or to a judge who was impartial. *See Arizona v. Fulminante*, [499 U.S. 279 (1991)].
>
> The judge properly instructed the members that no one was to enter their closed deliberations. There has been no post-trial allegation indicating that any improper actions took place on the part of witnesses, members, or parties to this trial. Thus, if there was any error here, it was not prejudicial.

37 M.J. at 323-324.

Our superior court concluded that plain error analysis was appropriate in *Jones* given the absence of a timely objection by defense counsel. In reaching this conclusion, the court relied on *United States v. Olano*, 507 U.S. 725 (1993), which had concluded in "an analogous situation" that allowing alternate jurors in the jury room during deliberations was plain error. *See Jones*, 37 M.J. at 323.

Following *Jones*, we assume that the military judge in this case violated Rule for Courts-Marital 813(b) by not reconvening the panel members before their deliberations and further conclude that plain error analysis is appropriate given the absence of objection by defense counsel. We determine that the error did not substantially prejudice appellant for the same reasons our superior court found no substantial prejudice in *Jones*: the members were properly instructed and there is no allegation that anything improper occurred during the recess or deliberations.

On consideration of the entire record, we hold the finding of guilty and the sentence as approved by the convening authority correct in law and fact.

CRUSE—ARMY 20100526

Accordingly, the finding of guilty and the sentence are AFFIRMED.

Senior Judge JOHNSON and Senior Judge KERN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4