UNITED STATES, Appellee

v.

Richard J. LLOYD, Technical Sergeant
U.S. Air Force, Appellant

No. 96–0098.
Crim. App. No. 30846.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 2, 1996.

Decided Feb. 20, 1997.

For Appellant: *Captain Michael L. McIntyre* (argued); *Colonel Jay L. Cohen* (on brief); *Colonel David W. Madsen* and *Major Ormond R. Fodrea.*

For Appellee: *Major LeEllen Coacher* (argued); *Colonel Jeffery T. Infelise* and *Major Barnard N. Madsen* (on brief); *Colonel Theodore J. Fink* and *Lieutenant Colonel Michael J. Breslin.*

### Opinion of the Court

SULLIVAN, Judge: .

On August 26, 1993, at McConnell Air Force Base, Kansas, appellant was tried by a general court-martial. Pursuant to his pleas, he was convicted of attempting to commit an indecent act on CW, his stepdaughter; raping SW, his other stepdaughter; committing sodomy with SW (4 specifications); and committing indecent acts with SW (2 specifications) and CW, in violation of Articles 80, 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 925, and 934, respectively. Officer members sentenced appellant to a dishonorable discharge, confinement for 15 years, total forfeitures, and reduction to the grade of E–1. On October 17, 1993, the convening authority reduced the forfeitures to $450 pay per month for 180 months to comply with a pretrial agreement, but otherwise approved the remainder of the adjudged sentence. On August 24, 1995, the Court of Criminal Appeals affirmed the findings and sentence. 43 MJ 886.

On January 29, 1996, this Court granted review on the following issue raised by appellate defense counsel:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED AS A MATTER OF LAW IN HOLDING THAT MULTIPLICITY ISSUES FOR FINDINGS NEVER RISE TO THE LEVEL OF PLAIN ERROR AND ARE ALWAYS WAIVED UNLESS RAISED FIRST AT THE TRIAL LEVEL.

We hold that the Court of Criminal Appeals erred as a matter of law in establishing a "new bright-line rule" concerning the forfeiture of all multiplicity claims not raised at trial. *See United States v. Carroll,* 43 MJ 487 (1996); *United States v. Waits,* 32 MJ 274, 275–76 (CMA 1991) (multiplicity error may rise to level of plain error). Nevertheless, we further hold that appellate consideration of multiplicity claims is effectively waived by unconditional guilty pleas, except where the record shows that the challenged offenses are "facially duplicative." *See United States v. Broce,* 488 U.S. 563, 575, 109 S.Ct. 757, 765–66, 102 L.Ed.2d 927 (1989); *United States v. Collins,* 41 MJ 428, 430 (1995); *cf. United States v. Cartwright,* 13 MJ 174 (CMA 1982) (double-jeopardy claims which can be resolved on the existing record are not waived). Finally, since the existing record in this case does not show the challenged offenses to be factually the same, we conclude that appellant's multiplicity claims

were waived by his guilty pleas. *See United States v. Broce, supra; Taylor v. Whitley,* 933 F.2d 325, 328 (5th Cir.1991).

Appellant was charged and found guilty, *inter alia,* of the following offenses:

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 120.

Specification: In that [appellant] did, at or near Wichita, Kansas, on divers occasions, *from on or about 2 March 1990 to on or about 1 December 1992, rape* SW.

CHARGE III: VIOLATION OF THE UCMJ, ARTICLE 125.

Specification 1: In that [appellant] did, at or near Wichita, Kansas, on divers occasions, from on or about *1 August 1988 to on or about 1 December 1991,* commit *sodomy* with SW, a child under the age of 16 years, *by licking the said SW's vagina with his tongue.*

\* \* \*

Specification 3: In that [appellant] did, at or near Wichita, Kansas, between on or about *1 March 1991 to on or about 1 December 1991,* commit *sodomy* with SW, a child under the age of 16 years, *by placing his penis into the said SW's mouth.*

CHARGE IV: VIOLATION OF THE UCMJ, ARTICLE 134.

Specification 1: In that [appellant] did, at or near Wichita, Kansas, on divers occasions, from on or about *1 August 1988 to on or about 1 December 1991,* commit indecent acts upon the body of SW, a female under 16 years of age, not the wife of [appellant], *by rubbing the said SW's breasts, vagina, and buttocks with his hands,* with the intent to gratify the lust of [appellant].

Specification 2: In that [appellant] did, at or near Wichita, Kansas, on divers occasions, from on or about *2 December 1991 to on or about 13 May 1993,* commit indecent acts with SW *by rubbing the said SW's breasts, vagina, and buttocks with his hands.*

(Emphasis added.)

---

1. Double-jeopardy claims may also be expressly waived at trial or as part of a pretrial agreement, but no such waiver exists in this case. *See Rick-*

For the first time on appeal before the Court of Criminal Appeals, appellant contended that specifications 1 and 3 of Charge III (sodomy) were multiplicious for findings purposes. He also asserted for the first time on appeal that specifications 1 and 2 of Charge IV (indecent acts) were multiplicious for sentencing purposes with the specification of Charge II (rape).

The Court of Criminal Appeals declined to consider these multiplicity issues. Instead, it announced "a new bright line rule concerning forfeiture of multiplicity issues—they are forfeited unless raised at trial." 43 MJ at 887. It based this holding on its conclusion that multiplicity issues never rise to the level of plain error. *See United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). It did state, however, that in some extreme cases the failure to raise such a claim might fit within an ineffective-assistance-of-counsel claim.

— — —

■ Our starting point in resolving the granted issue is the Air Force court's "new bright line rule concerning forfeiture of multiplicity issues—they are forfeited unless raised at trial." The broad scope of this newly announced Air Force rule is predicated on the lower court's holding that the well-established doctrine of plain error is *always* inapplicable in multiplicity cases. It opined, "We conclude for this case, and future cases, that multiplicity issues do not reach the 'miscarriage of justice' threshold or cause any 'unfair' prejudice to an accused. See Article 59(a), UCMJ, 10 USC § 859(a)." 43 MJ at 887. We reject this "new bright-line rule" of forfeiture and the suggestion that multiplicity issues need be addressed only when they rise to the level of ineffective assistance of counsel.

■ We recognize that the constitutional and statutory protections against double jeopardy *may be waived passively, i.e., forfeited by failure to make a timely objection.*[1] *Olano, supra* at 731; *see United States v.*

---

*etts v. Adamson,* 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987).

*Schilling,* 7 USCMA 482, 22 CMR 272 (1957); *United States v. Kreitzer,* 2 USCMA 284, 8 CMR 84 (1953); RCM 905(e) and 907(b)(3), Manual for Courts–Martial, United States, 1984. That double-jeopardy claims may be forfeited, however, does not lead to a conclusion that an unraised multiplicity claim can *never* be subject to appellate review. *See United States v. McMillian,* 33 MJ 257, 259 (CMA 1991) (waiver not applied to untimely multiplicity motion). This Court has noted that "unusual circumstances" may justify departure from the normal rule of passive waiver of double-jeopardy claims. *See Schilling, supra* at 483, 22 CMR at 273. More specifically, "we have viewed as plain error the failure of the trial or intermediate appellate courts to dismiss [lesser-]included offenses." *United States v. Holt,* 16 MJ 393, 394 (CMA 1983). Thus, in the absence of an express waiver or consent, we have not abandoned the doctrine of plain error with respect to multiplicious offenses. *United States v. Carroll* and *United States v. Waits, both supra; see generally United States v. Olano, supra.*

█ In this light, we conclude that the Air Force Court of Criminal Appeals erred in establishing the broad forfeiture rule that it fashioned in this case. *See generally United States v. Hilton,* 27 MJ 323 (CMA 1989). While Article 66(c), UCMJ, 10 USC § 866(c) (1994), does confer special factfinding and sentencing powers on the Courts of Criminal Appeals, it does not permit them to ignore or erroneously apply the law of plain error in affirming convictions. *See United States v. Claxton,* 32 MJ 159, 162 (CMA 1991) ("Of course, in the converse situation, where plain error is present, the Court of Military Review [2] may not rely on waiver."); *see also United States v. Evans,* 28 MJ 74 (CMA 1989) (Court of Military Review in exercising unique functions under Article 66 in accused's favor may refuse to apply waiver rule); *see generally United States v. Jones,* 37 MJ 321, 323 (CMA 1993); *United States v. Fisher,* 21 MJ 327 (CMA 1986).

Of course, the Air Force Court of Criminal Appeals in fashioning its new bright-line rule of forfeiture did consider the well-established doctrine of plain error. However, it concluded that multiplicity errors *never* prejudice an accused sufficiently enough to warrant its invocation, and *never* substantially prejudice an accused in the sense contemplated by Article 59(a), UCMJ, 10 USC § 859(a). We disagree with this *per se* conclusion of no prejudice by the lower appellate court. *See generally Rutledge v. United States,* —— U.S. ——, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (petitioner successfully raised double-jeopardy claim against multiple convictions in *pro se* supplemental brief without any indication that issue was raised at trial*); see also United States v. Carroll* and *United States v. Waits, both supra.*

It is beyond cavil that concerns about multiple convictions and punishments at a single trial stem from the Double Jeopardy Clause of the Fifth Amendment and, therefore, are constitutional in nature. *See Rutledge v. United States, supra; United States v. Teters,* 37 MJ 370 (CMA 1993). The suggestion of the appellate court below that multiplicity is a simple matter of *de minimis* procedural law promulgated by the President in the Manual for Courts–Martial is not well-taken. *Accord United States v. Oatney,* 45 MJ 185 (1996); *United States v. Teters, supra* (multiplicity a question of congressional intent citing Supreme Court cases). More importantly, the trivializing of these errors as not causing any unfair prejudice to accuseds in all future cases is contrary to Supreme Court precedent. *Rutledge v. United States, supra; Ball v. United States,* 470 U.S. 856, 865, 105 S.Ct. 1668, 1673–74, 84 L.Ed.2d 740 (1985). In sum, the lower court's desire for minimizing piecemeal appellate litigation cannot be permitted to override the Constitution's and Code's overriding concern for a fair and accurate determination of each servicemember's guilt.

█ Despite our rejection of the lower appellate court's new bright-line rule of forfeiture, we need not remand this case to that court for further review to determine whether plain error occurred in this case. *See United States v. Johnson,* 42 MJ 443, 446 (1995). Not only did appellant fail to make a multiplicity-for-findings motion at trial, but

---

2. *See* 41 MJ 213, 229 n. * (1994).

he also unconditionally pleaded guilty. *See Collins*, 41 MJ at 430; *cf. United States v. McMillian*, 33 MJ 257 (CMA 1991); *see generally* RCM 910(a)(2). In the past in guilty-plea cases, courts have applied a more limited rule of review of certain constitutional claims raised for the first time on appeal. *See generally* S. Childress and M. Davis, 2 *Federal Standards of Review*, § 8.03 (2d ed.1992). In *United States v. Jones*, 23 MJ 301, 303 (1987), this Court held that a belated claim of multiplicity would not succeed in a guilty-plea case because it could not be resolved on "the language of the ... specifications...." In *Broce*, 488 U.S. at 575, 109 S.Ct. at 765, the Supreme Court also held that double-jeopardy claims could not be raised in a collateral attack on a guilty plea unless the charged offenses could be seen as "facially duplicative," that is, factually the same. *See United States v. Oatney, supra; United States v. Harwood*, 46 MJ 22 (1997); *cf. United States v. Neblock*, 45 MJ 191 (1996) (factually discrete offenses). Its decision was based on the effect of a guilty plea in foreclosing factual disputes and on its determination that guilty pleas constitute a concession that an accused has committed two separate crimes. *Broce, supra* at 570, 109 S.Ct. at 762–63. Finally, following *Broce*, we subscribed to a similar "waiver-by-guilty plea" rule in *Collins*, 41 MJ at 430 (issue of double jeopardy requiring evidence outside record is waived). *See generally United States v. Pollen*, 978 F.2d 78, 84 (3d Cir.1992) (citing federal cases applying *Broce* to direct appeals of guilty pleas).

The record of trial when a guilty plea is entered in a court-martial generally is more detailed than the record made in a similar proceeding in federal civilian criminal court. *Compare* Fed.R.Crim.P. 11 *with* Art. 45, UCMJ, 10 USC § 845; *see* RCM 910; *United States v. Care*, 18 USCMA 535, 40 CMR

247 (1969). When an accused proffers a guilty plea in a court-martial, the military judge is bound to establish on the record "that there is a factual basis for the plea." RCM 910(e). "[T]he accuse[d] must be convinced of, and able to describe all the facts necessary to establish guilt." RCM 910(e), Discussion. Indeed, at any time prior to sentencing, if an "accused makes a statement to the court-martial, in testimony or otherwise, or presents evidence which is inconsistent with a plea of guilty on which a finding is based, the military judge shall inquire into the providence of the plea." RCM 910(h)(2). If the military judge is unable to resolve this apparent inconsistency, he is obliged as a matter of law to set aside the guilty plea and enter a plea of not guilty. *Id.*

■ Thus, the providence inquiry is an integral part of a guilty plea in a court-martial. The military judge must establish on the record a factual basis for the plea and must remain satisfied of that basis all the way through sentencing. The Courts of Criminal Appeals must also consider the providence inquiry to ensure that findings are correct in law and fact under Article 66(c). Accordingly, the record of trial in a guilty-plea court-martial is a more than adequate basis from which to determine whether the offenses are duplicative in the sense intended in *Broce*. Express waiver or voluntary consent, however, will foreclose even this limited form of inquiry.

■ Thus, the threshold question before us, similar to the one before the Supreme Court in *Broce*, is whether appellant pleaded guilty to two specifications of sodomy based on the very same conduct.[3] *Cf. Broce, supra* at 584–87, 109 S.Ct. at 769–72 (Blackmun, J., dissenting) (arguing for a less demanding "almost identical" standard). In this regard, we note that Article 125 defines the discrete offense of sodomy as follows:

---

**3.** Resolution of this case on the basis of the plain-error doctrine would require a determination whether error occurred; whether such error was plain; and whether "it affects a substantial right of the accused, *i.e.*, it was prejudicial." *United States v. Briggs*, 42 MJ 367, 370 (1995). Resolu-

tion of this case under the approach of *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), is, at least theoretically, less demanding. *See Taylor v. Whitley*, 933 F.2d 325, 328–29 (5th Cir.1991).

Any person subject to this chapter who engages in unnatural carnal copulation with another person of the same or opposite sex or with an animal is guilty of sodomy. *Penetration, however slight, is sufficient to complete the offense.*

(Emphasis added.) *See generally Pollen,* 978 F.2d at 85–87 (appropriate unit of prosecution).

Specification 1 of Charge III and the guilty plea record in this case show multiple acts of sodomy, *i.e.,* cunnilingus, with a young girl at Wichita, Kansas, on divers occasions between August 1, 1988, and December 1, 1991. Specification 3 of Charge III and the guilty plea record reveal a single act of sodomy, *i.e.,* fellatio, with the same young girl at the same place between March 1, 1991, and December 1, 1991. Since sodomy by definition is complete upon penetration of any type, all of the above acts clearly constitute discrete offenses of sodomy. *See United States v. Cox,* 18 MJ 72, 74 (CMA 1984). Accordingly, we conclude that the two sodomy specifications in appellant's case were not duplicative in the sense intended in *Broce. See United States v. Collins, supra; see also Jones,* 23 MJ at 303; *cf. United States v. Harwood, supra.*

■ Appellant also contends that specifications 1 and 2 of Charge IV (committing indecent acts) were multiplicious for sentencing with the specification of Charge II (rape). *See United States v. Schoolfield,* 40 MJ 132, 137 (CMA 1994) (indecent acts lesser-included offense of rape); *see also United States v. Foster,* 40 MJ 140, 146–47 (CMA 1994) (indecent acts lesser-included offense of sodomy and indecent assault). In *United States v. Morrison,* 41 MJ 482 (1995), this Court held that the rules of multiplicity for sentencing as presently established by the President are the same as those for determining multiplicity for findings. Accordingly, we hold that the same rule of guilty-plea waiver noted above also applies to this multiplicity-for-sentencing question. *See Menna v. New York,* 423 U.S. 61, 62–63 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975).

The pertinent question is whether the indecent-acts and rape specifications of which appellant was found guilty are "facially duplicative." Admittedly, the victim is the same in all three specifications, and the place each offense alleged in these specifications took place is the same, *i.e.,* "at or near Wichita, Kansas." Also, the combined period of time when the indecent acts occurred includes the entire period when the alleged rapes occurred. However, the indecent acts and rape specifications all allege that these acts occurred during these periods "on divers occasions." *See generally United States v. Neblock, supra* (majority of Court holds that "on divers occasions" in two specifications covering the same time period does not establish the identity of the factual conduct alleged). Moreover, the record shows that appellant's indecent acts sometimes preceded his acts of sexual intercourse and other times happened without any forced sexual intercourse. *See United States v. Neblock, supra; cf. United States v. Schoolfield, supra* (act of intercourse found not to have occurred at all but only lesser sexual acts occurred). Thus, we do not consider these specifications to be facially duplicative in the sense intended in *Broce,* and we hold that appellant forfeited further appellate consideration of his multiplicity-for-sentencing claim.

■ In summary, we adhere to the well-established legal principle that a guilty plea generally precludes the post-trial litigation of factual questions pertaining to one's guilt. *See generally United States v. Harrison,* 26 MJ 474 (CMA 1988). However, a guilty plea does not foreclose or relinquish consideration of all legal issues, particularly double jeopardy claims, which can be decided on the basis of facts apparent on the face of the record. *See United States v. Broce, supra; see generally Hilton,* 27 MJ at 326; RCM 910(j). Nevertheless, if the factual component of each offense said to be multiplicious is not shown to be the same, *see United States v. Harwood,* 46 MJ 22 (1996), appellate review of the legal aspect of such a claim is not required under our guilty-plea waiver doctrine. *See United States v. Collins, supra.* Here, appellant's multiplicity contentions do not establish the findings in this case as facially duplicative and, accordingly, we affirm the result reached by the Court of

Criminal Appeals. *See Jones,* 23 MJ at 303; *cf. United States v. Cartwright, supra; see generally Thomas v. Kerby,* 44 F.3d 884, 888 (10th Cir.1995), citing *United States v. Pollen, supra.*

The decision of the United States Air Force Court of Criminal Appeals is affirmed as to result only.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.