ERDMANN, Judge
(concurring in part and dissenting in part).
I concur with the majority that the forgery specifications are not multiplicious for findings. Under the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and adopted by this Court in United States v. Teters, 37 M.J. 370 (C.M.A.1993), the forgery of the payor’s signature on the front of a cheek is a distinct offense from the forgery of the indorser’s signature on the back of that same check and the offenses are not facially duplicative. See United States v. Lloyd, 46 M.J. 19, 23 (C.A.A.F.1997). Under the circumstances of this case, however, I believe that charging forgery of all 16 checks and separately charging forgery of Specialist Pauling’s wife’s signature as indorser on four of those checks constitutes an unreasonable multiplication of charges.
FACTS
Pauling was charged with forging 16 checks belonging to Little Joe Sandoval. He made 12 of the checks payable to himself and four of the checks payable to his wife. As Pauling explained, he did so to avoid having “so many in [his own] name.” On those four checks, he forged Mrs. Pauling’s signature on the back of each check as the indorser. He cashed all of the checks, cumulatively worth approximately $5,000, on 16 separate occasions at two financial institutions over a month’s time.
Pauling was also charged with two specifications of larceny, one alleging larceny of $1,675 from the Army National Bank, Fort Carson, Colorado, and the other alleging larceny of $3,400.39 from the Security Service Federal Credit Union, Fort Carson. The larceny specifications reflected the money Pauling obtained when he cashed the 16 forged checks. All four of the checks made payable to Pauling’s wife were cashed at Security Service Federal Credit Union.
Defense counsel moved to dismiss Specification 1 of the forgery charge (forgery of Mrs. Pauling’s signature as indorser four times), asserting that Specification 1 was multiplicious with Specification 2 (forging the front side of all 16 checks). Defense counsel did not specifically move to dismiss specification 1 on the basis of unreasonable multiplication of charges but did mention the “multiplication of charges” in making the motion to dismiss.
During argument on the multiplicity motion defense counsel also asserted that Charge II (larceny) was multiplicious for sentencing. The military judge ruled that the larceny specifications were not multiplicious for findings or sentencing with the forgery specifications. He also ruled that the two forgery specifications were not multiplicious for findings but that they were multiplicious for sentencing purposes.* Despite making *97 this determination, the military judge failed to inform the members that the two forgery specifications should not be considered separately for punishment.
DISCUSSION
The concept of unreasonable multiplication of charges is based on Rule for Courts-Martial 307(e)(4) [R.C.M.]. “What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person.” R.C.M. 307(e)(4) discussion. To determine whether a military judge or Court of Criminal Appeals has abused its discretion and affirmed an unreasonable multiplication of charges, we apply a five-part test:
(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?
(2) Is each charge and specification aimed at distinctly separate criminal acts?
(3) Does the number of charges and specifications misrepresent or exaggerate the appellant’s criminality?
(4) Does the number of charges and specifications unreasonably increase the appellant’s punitive exposure?
(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?
United States v. Quiroz, 55 M.J. 334, 338-39 (C.A.A.F.2001). I agree with the majority with respect to factors one and two. However, I believe that the remaining factors support a conclusion that there was an unreasonable multiplication of charges in this case.
For each check upon which Pauling made his wife the payee, he faced triple conviction and punishment: five years for forging the front of the check, five years for forging the indorsement on the back, and a larceny conviction that included another five years of potential confinement. For Pauling’s scheme to forge and cash the 16 cheeks he was charged with four felonies and exposed to 110 years of confinement.
in my view, this three-fold multiplication of Pauling’s punitive exposure exaggerated his criminality, unreasonably increased his punitive exposure, and constituted overreaching in the charging process. Under the circumstances of this case, charging forgery twice, once for the maker and once for the indorser, constitutes piling-on.
I would set aside the finding of guilty of Specification 1 of Charge III, and affirm the remaining findings of guilty and the sentence.

 A finding that there is no multiplicity for findings but there is multiplicity for sentencing, in this case and others, raises interesting questions. *97 This Court and the United States Supreme Court have applied the standard in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to both inquiries. See Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); United States v. Oatney, 45 M.J. 185, 189 (C.A.A.F 1996). If the Blockburger test is met for multiplicity for sentencing, it raises the question as to why it would not also be met for multiplicity for findings, invalidating both the sentence and the conviction. See Rutledge v. United States, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996); Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).