# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman First Class STEVEN C. DUNCAN
### United States Air Force

### ACM S32255

### 27 January 2016

Sentence adjudged 27 June 2014 by SPCM convened at Joint Base Pearl Harbor-Hickam, Hawaii. Military Judge: Ira Perkins (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 112 days, and reduction to E-l.

Appellate Counsel for Appellant: Major Isaac C. Kennen.

Appellate Counsel for the United States: Lieutenant Colonel Roberto Ramirez; Major Jason S. Osborne; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

Pursuant to his pleas and a pretrial agreement, a military judge convicted Appellant of wrongful use of cocaine, wrongful use of alprazolam and heroin on divers occasions, and wrongful possession of heroin, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 6 months, and reduction to E-1. As part of Appellant's pretrial agreement, he agreed to "waive all waivable motions" and his confinement was limited to 112 days.

*Background*

Appellant was admitted to Tripler Army Medical Center in Hawaii in December 2013. A blood sample was collected which tested positive for various controlled substances. On multiple subsequent occasions, Appellant's urine was collected and tested positive for controlled substances. Appellant also made several statements regarding his use of controlled substances. Additionally, following one of the positive urinalysis tests, Air Force investigators conducted a search of Appellant's dorm room and found a piece of tin foil with a residue which tested positive for heroin.

In his initial assignments of error, Appellant alleges that the convictions for wrongful use and wrongful possession of heroin are multiplicious and violate his Fifth Amendment[*] right against double jeopardy. Appellant also alleges that his sentence was inappropriately severe. In supplemental assignments of error, Appellant alleges that this court's processing of his case requires relief under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), because he has not received timely appellate review, and as relief, he requests this court set aside all of his convictions.

*Multiplicity*

Appellant argues that he was wrongfully convicted of both wrongful use of heroin and wrongful possession of heroin in Specifications 3 and 4 of the Charge. Appellant maintains that based on the facts of this case, these specifications were multiplicious and therefore violated his Fifth Amendment right to protection from double jeopardy.[*]

Appellant's convictions were pursuant to a guilty plea and pretrial agreement. As part of Appellant's guilty plea inquiry, the military judge reviewed the terms of the pretrial agreement. During this discussion, the military judge addressed a term in which Appellant waived all waivable motions. Trial defense counsel expressly stated that the defense had initiated this term and that one of the waived motions was a motion to dismiss for unreasonable multiplication of charges. In response to further questioning by the military judge, Appellant stated he understood the potential favorable results of the waived motions, had no additional questions about this provision, and agreed to waive the motions to receive the benefit of his pretrial agreement.

In *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009), our superior court held that a "waive all waivable motions" provision waived, rather than forfeited, a claim of multiplicity on appeal, and therefore, the multiplicity claim was extinguished and could not be raised on appeal. The court held multiplicity was waived because the pretrial agreement required the appellant to waive all waivable motions, the military judge conducted a thorough inquiry to ensure the appellant understood the effect of this

---

[*] U.S. CONST. amend V.

provision, and the appellant explicitly indicated his understanding that he was waiving the right to raise any waivable motion. *Id.* The court also stated the same position would result for claims of unreasonable multiplication of charges raised on appeal. *Id.*

When an appellant affirmatively waives or consents to the abandonment of a multiplicity challenge, he is precluded from raising that claim on appeal. *See United States v. Lloyd,* 46 M.J. 19, 21–22 (C.A.A.F. 1997). "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Toro,* 37 M.J. 313, 320 (C.M.A.1993) (Sullivan, C.J., concurring) (quoting *United States v. Olano,* 507 U.S. 725, 733 (1993)).

We find that Appellant affirmatively waived the issues of both multiplicity and unreasonable multiplication at trial. The defense initiated the "waive all waiveable motions" provision at trial, and trial defense counsel expressly stated that a motion to dismiss for unreasonable multiplication of charges was waived. *See Lloyd,* 46 M.J. at 21–22. Because we apply waiver, Appellant is not entitled to relief and no further analysis is necessary.

*Sentence Severity*

Appellant also argues that his sentence is inappropriately severe. This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping congressional mandate to ensure a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

The military judge convicted Appellant of wrongful use of cocaine, wrongful use of alprazolam on divers occasions, wrongful use of heroin on divers occasions, and wrongful possession of heroin. Given the forum of a special court-martial, Appellant faced a maximum sentence of reduction to the grade of E-1, forfeiture of two-thirds pay per month for 12 months, 12 months confinement, and a bad-conduct discharge. Appellant's pretrial agreement limited the period of confinement to 112 days, which he had already served in pretrial confinement. The military judge sentenced Appellant to a

bad-conduct discharge, confinement for 6 months, and reduction to E-1.  Pursuant to the pretrial agreement, the convening authority limited the confinement to 112 days, but otherwise approved the sentence as adjudged.

We have reviewed the entire record of trial including all evidence in mitigation and extenuation as well as evidence in aggravation.  Based on the facts of this case, including the nature of the offenses and appellant's background, service record, and character, there is nothing that indicates Appellant's approved sentence was inappropriately severe.

*Post-Trial Processing*

In the supplemental assignments of error permitted by this court, Appellant alleges that he received untimely appellate review and his convictions pursuant to his pleas should be set aside.  Appellant acknowledges that the appellate process in this case is within the standard set forth in *Moreno* and that he has suffered no prejudice other than awaiting appellate review.  *See Moreno*, 63 M.J. at 142 (applying a presumption of unreasonable delay if appellate review is not completed within 18 months of docketing).  He nonetheless argues that this court has denied him proper appellate review and that he is entitled to relief.

Appellant advocates for a more stringent standard than that established by *Moreno* without indicating what cases or circumstances should trigger this more stringent standard, other than to suggest the instant case has a relatively short record of trial and seemingly common issues.  Appellant, however, fails to recognize the myriad of factors that impact the appellate review process, not the least of which is a detailed and thorough review of all issues submitted to this court.  *See id.* at 137–38 (providing a more flexible review of the time period of a court of criminal appeal's decision because it involves the exercise of judicial decision-making authority).  Processing of appellate cases takes varying lengths of time based on many circumstances, and we decline to establish or apply a new standard more stringent than the one set forth in *Moreno* based on the facts of this case.  Consequently, given that this case was processed within the 18-month standard, a *Moreno* analysis is neither required nor warranted in this instance.  *See id.* at 136 ("[U]nless the delay is facially unreasonable, the full due process analysis will not be triggered.").

We also decline to grant the relief requested of dismissal of all charges and specifications.  In the supplemental assignments of error, Appellant seeks dismissal based exclusively on a perceived injustice in the appellate processing of his case, despite compliance with the *Moreno* standard and effectively no alleged prejudice.   Article 66(c), UCMJ, also empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a).  *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002).  We find the

time for the appellate review of this case, to include the supplemental assignment of errors, was not excessive.

## Conclusion

The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the Appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court