# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201700046

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### JOSEPH P. SAUGEN
Ensign (O-1), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Jason L. Jones, JAGC, USN.
Convening Authority: Commander, Navy Region Southeast,
Jacksonville, Florida.
Staff Judge Advocate's Recommendation: Commander George W.
Lucier, JAGC, USN.
For Appellant: Commander Suzanne M. Lachelier, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Lieutenant Commander
Justin C. Henderson, JAGC, USN.

———————————

Decided 19 July 2018

———————————

Before WOODARD, MARKS, AND JONES, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of two specifications of possession of child pornography and one specification of distribution of child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced the appellant to three years' confinement and a dismissal. The convening

authority (CA) approved the sentence as adjudged and, except for the dismissal, ordered the sentence executed.

In his sole assignment of error, the appellant contends that one of the specifications of child pornography possession is a lesser-included offense of the specification of child pornography distribution and thus facially duplicative. He argues that the finding of guilty for that facially duplicative possession specification should be vacated. We have carefully examined the record of trial and the pleadings of both parties and conclude that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

Between November 2014 and February 2015, the appellant searched for and downloaded child pornography using two different peer-to-peer file sharing programs.[1] Shortly after the appellant downloaded the child pornography, a detective from the Pensacola Police Department was able to remotely access the appellant's computer using his file sharing accounts. The detective "digitally grabbed" five videos of child pornography from the appellant's computer.[2] This formed the basis for the specification of child pornography distribution.

In his Stipulation of Fact, the appellant described in detail the five child pornography videos he possessed between November 2014 and February 2015.[3] The stipulation also indicated that these same five videos were distributed to the Pensacola detective from the appellant's accounts. During his providence inquiry, the appellant testified to downloading 20-30 images of child pornography between November 2014 and February 2015.[4] But he described only the five videos, affirming to the military judge that they depicted children engaged in sexual activity. The government submitted a CD containing still images of the five videos as evidence of the child pornography the appellant possessed and distributed between November 2014 and February 2015. In

---

[1] Record at 35; Prosecution Exhibit (PE) 1 at 2, 4.

[2] Record at 55.

[3] PE 1 at 3-4.

[4] Record at 35.

fact,the military judge confirmed that the five videos presented in support of the possession specification were also the distributed videos.[5]

## II. DISCUSSION

The appellant avers that one of the child pornography possession specifications is a lesser-included offense of the distribution specification and that the specifications are facially duplicative because they involve the same files downloaded on the same date on the same electronic media. Invoking the Fifth Amendment prohibition against double jeopardy, the appellant asserts that he cannot be convicted of both the facially duplicative lesser-included offense of possession and the greater offense of distribution.[6]

"It is beyond cavil that concerns about multiple convictions and punishments at a single trial stem from the Double Jeopardy Clause of the Fifth Amendment and, therefore, are constitutional in nature." *United States v. Lloyd*, 46 M.J. 19, 22 (C.A.A.F. 1997) (citing *Rutledge v. United States*, 517 U.S. 292 (1996); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993)). But unless an appellant can demonstrate convictions of "facially duplicative" offenses, a guilty plea normally forecloses raising multiplicity for the first time on appeal. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Lloyd*, 46 M.J. at 22. A military appellate court can examine a providence inquiry, stipulation of fact, and record of a guilty plea to determine if specifications are facially duplicative. *Lloyd*, 46 M.J. at 23. "Express waiver or voluntary consent, however, will foreclose even this limited form of inquiry." *Id.*

In *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009), Staff Sergeant (SSgt) Gladue raised multiplicity for the first time on appeal and argued that "the specifications complained of [were] facially duplicative[.]" *Id.* at 313-14 (internal quotation marks omitted). Our superior court noted that SSgt Gladue's "pretrial agreement expressly waived all waivable motions." *Id.* at 314. Citing the caveat in *Lloyd*, the *Gladue* court declined to inquire whether the allegedly multiplicious specifications were facially duplicative. *Id.* They held that SSgt Gladue's "express waiver of any waivable motions waived claims of multiplicity . . . and extinguished his right to raise these issues on appeal." *Id.* The court determined they "need not reach the issue of whether the specifications were in fact facially duplicative." *Id.*

In the case before us, the appellant's pretrial agreement contained the same waiver referenced in *Gladue*. Specifically, the appellant here agreed:

---

[5] An additional group of images—described separately in the Stipulation of Fact, discussed during the providence inquiry, and admitted on a different CD—formed the basis for the second specification of child pornography possession on 21 May 2015.

[6] U.S. CONST. amend. V.

> to waive all motions except those that are otherwise non-waivable pursuant to [RULE FOR COURTS-MARTIAL] 705(c)(1)(B). I have not been compelled to waive my right to due process, the right to challenge the jurisdiction of the court-martial, the right to a speedy trial, the right to raise the issue of unlawful command influence, or any other motion that cannot be waived. I have no motions to bring and I am not aware of any motion that was waived pursuant to this provision.[7]

The military judge addressed this specific pretrial agreement provision with the appellant, reading from the agreement, "I agree to waive all motions except those that are otherwise non-waivable pursuant to [RULE FOR COURTS-MARTIAL] 705(c)(1)(B)."[8] The appellant affirmed that he understood he would not be able to raise motions, except those that were non-waivable.

Following our superior court's clear precedent in *Lloyd* and *Gladue*, we do not inquire further into whether these possession and distribution specifications against the appellant are facially duplicative. "'[A] valid waiver leaves no error for us to correct on appeal.'" *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (quoting *United States v. Pappas*, 409 F.3d 828, 830 (7th Cir. 2005)). The appellant does not address, or contest, the "waive all waivable motions" provision in his pretrial agreement. Aside from his constitutional right to protection against double jeopardy, the appellant alleges no other material prejudice to a substantial right, and we find none. Art. 59(a), UCMJ. Conscious of our right of plenary review, we conclude the findings and sentence are correct in law and fact, and on the basis of the entire record, determine they should be approved. Art. 66(c), UCMJ. *Cf. United States v. Chin*, 75 M.J. 220 (C.A.A.F. 2016); *United States v. Martinez*, No. 20120042, 2013 CCA LEXIS 997, unpublished op. (A. Ct. Crim. App. 25 Nov 2013).

### III. CONCLUSION

The findings and sentence, as approved by the CA, are affirmed.

For the Court



R. H. TROIDL
Clerk of Court

---

[7] Appellate Exhibit VI at 4 (citing RULE FOR COURTS-MARTIAL 705(c)(1)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.)).

[8] Record at 88.