*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

_____

Before
TANG, LAWRENCE, and J. STEPHENS,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Michael A. QUINLAN**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201900142**

Decided: 30 October 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary Military Judge: Terrance J. Reese, USMC. Sentence adjudged 28 February 2019 by a general court-martial convened at Marine Corps Base Camp Lejeune, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 6 months, and a dishonorable discharge.

For Appellant: Commander C. Eric Roper, JAGC, USN.

For Appellee: Mr. Brian Keller, Esq.

_____

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was found guilty, pursuant to his pleas, of three specifications alleging violations of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880. The specifications alleged that Appellant attempted to sexually abuse a child by indecent exposure, attempted to receive child pornography, and attempted to sexually abuse a child by communicating indecent language, which offenses, if completed, would constitute violations of Articles 120b and 134, UCMJ.

This record was submitted without assignment of error. However, in conducting our review under Articles 59 and 66, UCMJ, we noted the following deficiency.

The charges arose from Appellant's actions in engaging in a social media conversation with an undercover law enforcement agent who represented himself online as a 13-year-old girl. Appellant engaged in a single conversation with the agent on a single day in October 2017. During this conversation, Appellant sent the agent two pictures of his exposed penis. He sent both photos after the agent revealed the online persona's age as 13 years old. Appellant also engaged in a sexually explicit conversation with the "girl," using indecent language to ask the "girl" about her prior sexual experience. Finally, Appellant asked the "girl" whether she wanted to "trade some pics," which he explained to mean he wanted the "girl" to send pictures of herself clothed, wearing a bathing suit, or "nude."[1] He only asked for nude photographs once.

The trial counsel told the military judge that the Government could not pinpoint the exact date of Appellant's conversation with the undercover agent, but that the conversation took place during the month of October 2017. Specifications 1 and 3 allege that Appellant committed the offenses "between on or about 1 October 2017 and on or about 31 October 2017."[2] However, Specification 2 reads as follows:

> In that Lance Corporal Michael A. QUINLAN, U.S. Marine Corps, did, at or near Camp Lejeune, North Carolina on or about 1 October 2017 and on or about 31 October 2017, attempt to knowingly and wrongfully receive child pornography, to wit: digital images of a minor engaging in sexually explicit conduct,

---

[1] Prosecution Exhibit (PE) 3 at 13.

[2] Charge Sheet.

such conduct being of a nature to bring discredit upon the armed forces.

As written, in leaving out the word "between" at the beginning of the alleged time frame, Specification 2 alleges Appellant attempted to receive child pornography *twice*—on or about 1 October 2017 and *again* on or about 31 October 2017.

Prior to accepting a guilty plea, a military judge must ensure the plea is supported by a factual basis. Article 45(a), UCMJ; *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969); RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2019 ed.). The military judge must elicit sufficient facts to satisfy every element of the offense in question, and a military judge's decision to accept a plea of guilty is reviewed for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). Questions of law arising from the guilty plea are reviewed *de novo. Id.* (citing *United States v. Pena*, 64 M.J. 259 (C.A.A.F. 2007)). A reviewing appellate court may only reject a guilty plea if there is a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater,* 32 M.J. 433 (C.M.A. 1991)). The military judge must reopen the providence inquiry if the evidence is inconsistent with the guilty plea. *See United States v. Lloyd,* 46 M.J. 19, 23 (C.A.A.F. 1997).

The parties entered into a stipulation of fact, which was admitted into evidence as Prosecution Exhibit (PE) 1. In PE 1, the parties agreed that all three of the offenses occurred "[b]etween on or about 1 October 2017 and on or about 31 October 2017."[3] During the providence inquiry for Specification 2, the parties and the military judge treated Specification 2 as though it alleged a single offense that took place between the two alleged dates. The military judge defined the first element as follows: "That between on or about 1 October 2017 and on or about 31 October 2017 . . . [Appellant] did certain acts, that is, attempt to knowingly and wrongfully receive child pornography . . . ."[4] He defined the underlying attempted Article 134, UCMJ, offense in terms of the same timeframe. Appellant told the military judge he committed this offense in the "[s]ame conversation all in one day."[5] He specifically referenced the portion of the conversation in which he asked the "girl" to send pictures of herself either wearing clothes, a swimsuit, or in the nude, referencing a sin-

---

[3] PE 1 at 2-4.

[4] Record at 28.

[5] *Id.* at 33.

gle message. He admitted that by asking for "nude" pictures, he specifically intended to receive images from the "girl" that met the definition of "lascivious exhibition of genitals or pubic area" as the military judge properly defined the term.[6]

The stipulation of fact does not reference multiple attempts to receive child pornography, merely stating that Appellant "attempted to receive child pornography by requesting that the person . . . send [him] nude images of herself."[7] The trial counsel offered PE 3 and PE 5 during its case in aggravation. PE 3 contains eighteen pages of screenshots of Appellant's social media conversation with the undercover agent. PE 5 contains electronic versions of the screenshot images of Appellant's exposed penis that are contained in PE 3 in printed form.

Our review of PE 3 and PE 5, consistent with Appellant's statements during providency, indicates that Appellant only asked for nude images of the "girl" one time. As such, there is a "substantial basis in . . . fact" to question Appellant's plea of guilty to Specification 2 which, as drafted, alleges attempted misconduct on two specific occasions. *Inabinette*, 66 M.J. at 322. The military judge abused his discretion by accepting Appellant's guilty plea to Specification 2 without exception. However, we find there is no substantial basis to question the providence of Appellant's guilty plea to Specification 2 if the words and figures "1" and "and on or about 31 October 2017" are excepted, such that the specification reads:

> In that Lance Corporal Michael A. QUINLAN, U.S. Marine Corps, did, at or near Camp Lejeune, North Carolina on or about October 2017, attempt to knowingly and wrongfully receive child pornography, to wit: digital images of a minor engaging in sexually explicit conduct, such conduct being of a nature to bring discredit upon the armed forces.

With Specification 2 so excepted, we find no substantial basis in law or fact to question Appellant's plea.

Having disapproved language in Specification 2, we must now consider whether we can reassess the sentence. *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013); *United States v. Moffeit*, 63 M.J. 40, 41-42 (C.A.A.F. 2006); *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986).

---

[6] *Id.* at 34.

[7] PE 1 at 3.

After analyzing the four factors laid out by our superior court in *Winckelmann,* we can confidently and reliably determine that Appellant's sentence would still include a dishonorable discharge, reduction to paygrade E-1, and confinement for six months.

Consistent with this opinion, pursuant to this Court's authority under Rule for Courts-Martial 1111(c)(2), Specification 2 in the Entry of Judgment shall be modified to read as follows:

> Specification 2: Attempted Receipt of Child Pornography
> Plea: Guilty. Finding: Guilty, except the words and figures "1"
> and "and on or about 31 October 2017".

The findings as modified by this Court and sentence as reassessed are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court