# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**

v.

**Private E2 BRANDON A. GLASSCOCK**
**United States Army, Appellant**

ARMY 20190227

Headquarters, 7th Infantry Division
James P. Arguelles and Lanny Acosta, Jr., Military Judges
Lieutenant Colonel Elizabeth A. Walker, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Benjamin A. Accinelli, JA; Captain Steven J. Dray, JA (on brief).

For Appellant: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Captain Anthony A. Contrada, JA (on brief).

27 May 2020

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BROOKHART, Senior Judge:

Before this court, appellant argues that he is entitled to relief because the "waive all waivable motions" clause in his pretrial agreement did not waive the multiplicious nature of two of his convictions.[1] Specifically, appellant asserts that

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of making a false official statement, two specifications of rape of a child, and five specifications of sexual abuse of a child, in violation of Articles 107 and 120b, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 920b [UCMJ]. The convening authority approved the adjudged sentence of

(continued . . .)

because multiplicity is a "constitutional claim" rooted in the Fifth Amendment, the "waive all waivable motions" clause of his pretrial agreement did not extinguish his ability to raise a multiplicity issue on appeal. We disagree. Applying our Superior Court's binding precedent, appellant's multiplicity claim was unquestionably waived by the "waive all waivable motions" clause in his pretrial agreement. Additionally, ~~regardless of waiver, appellant's convictions are not multiplicious.~~

## BACKGROUND

Appellant pleaded guilty to seven specifications of raping and sexually abusing his six-year-old stepdaughter, HM. All seven specifications arose from one chain of events that occurred on the evening of 22 June 2018. Appellant described the seven specifications as "the same incident." Two of the specifications are relevant to this appeal. First, appellant pleaded guilty to one specification of raping HM by penetrating her vulva with his tongue. Second, appellant pleaded guilty to one specification of sexually abusing HM by touching her vulva with his mouth.

During the portion of the providence inquiry related to those two specifications, appellant told the military judge that he "kissed and licked" HM's vulva, later clarifying that he "kissed it first and then penetrated it [with his tongue]." The penetration with the tongue formed the basis for Specification 1 of Charge I, rape of a child, and the kissing formed the basis for Specification 2 of Charge I, sexual abuse of a child.

As part of his pretrial agreement with the convening authority, appellant agreed to "waive all waivable motions." While discussing the pretrial agreement, the parties agreed that the "waive all waivable motions" clause did not include an unreasonable multiplication of charges (UMC) motion for purposes of sentencing. However, neither the pretrial agreement nor the parties on the record discussed multiplicity or UMC for findings.

## LAW AND DISCUSSION

Unpreserved multiplicity claims are reviewed for plain error "in the absence of an express waiver or consent." *United States v. Lloyd*, 46 M.J. 19, 22 (C.A.A.F. 1997) (citations omitted); *see also United States v. Coleman*, 79 M.J. 100, 102 (C.A.A.F. 2019). However, a "waive all waivable motions" clause in a pretrial agreement expressly waives an unpreserved multiplicity objection. *See United*

---

(. . . continued)
a dishonorable discharge, confinement for eighteen years, and reduction to the grade of E-1.

*States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009). "When . . . an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal." *Id.* at 313.

Applying our Superior Court's controlling precedent, it is clear appellant waived any claim of multiplicity via the "waive all waivable motions" clause in his pretrial agreement—a provision trial defense counsel acknowledged originated with the defense team. Even setting aside waiver, appellant's claim that Specifications 1 and 2 of Charge I are facially duplicative is unavailing.

"To determine whether two charges are multiplicious, we engage in a three-step inquiry. First, we determine whether the charges are based on separate acts. If so, the charges are not multiplicious because separate acts may be charged and punished separately." *Coleman*, 79 M.J. at 103 (citations omitted). Put another way, if an appellant fails step one of the three-step inquiry, his multiplicity claim fails and there is no need to reach steps two and three. That is precisely the case here.

Appellant made clear during his providence inquiry with the military judge that he "kissed *and* licked" HM's vulva. (emphasis added). In fact, appellant later clarified that he "kissed it *first* and *then* penetrated it [with his tongue]."[2] (emphasis added). These statements demonstrate the separate and distinct nature of the two acts. As the two acts were separate and distinct, Charges 1 and 2 of Charge I "are not multiplicious because separate acts may be charged and punished separately." *Coleman*, 79 M.J. at 103.

## CONCLUSION

Upon consideration of the entire record, the finding of guilty and the sentence are AFFIRMED.

Chief Judge KRIMBILL concurs.

---

[2] Appellant acknowledged that the sequence of the kiss and lick could have been reversed. Regardless of which act occurred first, appellant's explanation to the military judge demonstrates that the kiss and lick were two distinct and separate acts.

Senior Judge BURTON, dissenting:

While I agree with the majority in their analysis of waiver and multiplicity, I would exercise our Article 66(d), UCMJ, authority and dismiss Specification 2 of Charge I as an unreasonable multiplication of charges.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial [R.C.M.] 307(c)(4). While multiple charges addressing substantially one transaction may avoid constitutional double jeopardy concerns, "the prohibition against unreasonable multiplication of charges has long provided . . . a traditional legal standard—reasonableness—to address the consequences of an abuse of prosecutorial discretion." *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001). "Reasonableness, like sentence appropriateness, is a concept that the Courts of Criminal Appeals are fully capable of applying under the broad authority granted by Congress under Article 66." *Id.* at 339 (citations omitted). This is true "with respect to both the findings and the sentence." *United States v. Forrester*, 76 M.J. 389, 394 (C.A.A.F. 2017) (citation omitted).

"[O]bjections based on defects in the charges and specifications" must be raised before the entry of a plea. R.C.M. 905(b)(2). "A UMC objection is such an objection because the accused is asserting that the charges and specifications violate R.C.M. 307(c)." *United States v. Hardy*, 77 M.J. 438, 441 (C.A.A.F. 2018). "Failure by a party to raise [a UMC objection] . . . before pleas are entered . . . forfeits [the UMC objection] absent an affirmative waiver." R.C.M. 905(e)(1). A waive all waivable motions clause in a pretrial agreement constitutes express waiver of a UMC objection. *See United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009).

Here, while appellant's pretrial agreement expressly preserved his right to move for the merger of charges and their specifications "for purposes of sentencing," it contains no mention of a UMC motion on findings. As such, the "waive all waivable motions" clause of appellant's pretrial agreement expressly waived his ability to object to UMC for purposes of findings.[3] *See Gladue*, 67 M.J. at 314.

---

[3] It is also feasible that appellant ultimately waived his ability to object to UMC for sentencing purposes after the military judge discussed such a motion with trial defense counsel on the record, but trial defense counsel never made a UMC motion. *See generally United States v. Rich*, __ M.J. ___, 2020 CAAF LEXIS 240, at *10-12 (C.A.A.F. 28 Apr. 2020) (finding waiver where the military judge and trial defense

(continued . . .)

4

Regardless of any waiver of a UMC objection, this court may still, in its discretion, consider the issue and provide appropriate relief pursuant to Article 66(d)(1), UCMJ. *See Hardy*, 77 M.J. at 443. When considering whether the charges and specifications are unreasonably multiplied, this court analyzes the factors laid out by our Superior Court in *Quiroz*:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?; (2) Is each charge and specification aimed at distinctly separate criminal acts?; (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?; (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Quiroz*, 55 M.J. at 338 (citation omitted). Those five factors are not intended to be all-inclusive, and one factor may be sufficiently compelling to warrant relief without more. *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012). Essentially, "the application of the *Quiroz* factors involves a reasonableness determination." *Forrester*, 76 M.J. at 394. When charges are unreasonably multiplied, dismissal of the relevant charges is an available remedy. *United States v. Roderick*, 62 M.J. 425, 433 (C.A.A.F. 2006).

Here, I would find the government's charging appellant with both the penetration by licking and the kissing of HM's vulva to be unreasonable. The two acts, while separate and distinct, occurred within seconds of each other, and appellant could not even recall which act occurred first. After reviewing the entire record, it appears the government charged every touch and contact that occurred, even though it appears the entire encounter lasted only a period of minutes. While this charging decision does not create a multiplicity issue as contemplated by the Fifth Amendment's protection against double jeopardy, under the specific facts of this case, I would find the charging decision unreasonable and dismiss Specification

---

(. . . continued)
counsel discussed a findings instruction on the record, but trial defense counsel failed to request the discussed instruction).

2 of Charge I.[4] Nonetheless, after conducting a sentence reassessment, I would affirm the sentence as adjudged. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[4] In evaluation the *Quiroz* factors, I note that four of the five factors weigh in favor of the government. Specifically, appellant did not object at trial, the kissing and licking are distinctly separate criminal acts, appellant's punitive exposure remained unchanged as the maximum punishment was confinement for life, and there is no evidence of prosecutorial overreaching. Nonetheless, given the totality of the facts and circumstances surrounding appellant's sexual abuse of HM, I would find that charging both the kissing and licking of the vulva exaggerates appellant's criminality.